# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **FATIMA FORD on behalf of K.F.W.,** | ) | CASE NO. 1:16 CV 01376 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | <u>**MEMORANDUM OPINION**</u> |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker. (Docket #14). The Report and Recommendation (Docket #14), issued on May 18, 2017 is hereby adopted by this Court. Plaintiff challenges the final decision of the Commissioner denying her application for Supplemental Social Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., and § 405(g). Magistrate Judge Parker found that the Administrative Law Judge applied the appropriate legal standards. Ms. Ford timely filed her objections to the Magistrate Judge's Report and Recommendation. (Docket #15).

# PROCEDURAL HISTORY

On February 19, 2013, Ford applied for SSI benefits on behalf of KFW where she alleged a disability onset date of December 6, 2012.(Tr. 126-29, 142) Ford stated that KFW was disabled because of attention deficit hyperactivity disorder ("ADHD") and a learning disorder. (Tr. 70) The application was denied initially and upon reconsideration. (Tr. 70-91, 92, 96) Thereafter, Ford requested a hearing before an administrative law judge. (Tr. 99)

Administrative Law Judge Frederick Andreas ("ALJ") conducted a hearing on May 21, 2015. (Tr. 31-69) The ALJ denied the claim on June 26, 2015. (Tr. 10-30) The Appeals Council declined to review that decision on April 20, 2016, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6)

## I. Standard for Child Disability Claims

The standard for evaluating a child's disability claim differs from that used for an adult. 42 U.S.C. § 1382c(a)(3)(C); *see also Miller ex rel. Devine v. Comm'r of Soc. Sec.*, 37 F. App'x 146, 147 (6th Cir. 2002). A child is considered disabled if he has a "medically determinable physical or mental impairment that results in marked and severe functional limitations and can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C). To determine whether a child is disabled, the regulations prescribe a three-step sequential evaluation process. 20 C.F.R. § 416.924(a). At Step One, a child must not be engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). At Step Two, a child must suffer from a "severe impairment." 20 C.F.R. § 416.924(c). At Step

Three, disability will be found if a child has an impairment, or combination of impairments, that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. § 404, Subpt. P, App'x 1; 20 C.F.R. § 416.924(d).

To determine whether a child's impairment functionally equals the Listings, the Commissioner must assess the functional limitations caused by the impairment. 20 C.F.R. § 416.926a(a). This is done by evaluating how a child functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for [oneself]; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). If a child's impairment results in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairments functionally equal the Listings and the child will be found disabled. 20 C.F.R. § 416.926a(d).

## II. The ALJ's Decision

The ALJ issued a decision on June 26, 2015, finding:

1. KFW has been considered a school-age child, that is a child age six to the attainment of age 12, ever since the December 6, 2012 alleged onset date. (Tr. 16)

2. KFW has never engaged in substantial gainful activity. (Tr. 16)

3. KFW has the following "severe" medical impairments: attention deficit hyperactivity disorder, an organic mental disorder, learning disorders, and behavioral problems. (Tr. 16)

4. Since the December 6, 2012, alleged onset date, KFW has not had an impairment or combination of impairments that met or medically equaled the severity of one

of the listed impairments. (Tr. 17)

5. Since the December 6, 2012, alleged onset date, KFW has not had an impairment or combination of impairments that has functionally equaled the severity of one of the listed impairments. (Tr. 17)

In determining functional equivalence, the ALJ individually evaluated KFW's abilities under all six domains of functioning and made the following findings:

A. Acquiring and using information: less than marked limitation

B. Attending and completing tasks: less than marked limitation

C. Interacting and relating with others: marked limitation

D. Moving about and manipulating objects: no impairment

E. Caring for yourself (Self-care): no impairment

F. Health and physical well-being: no impairment

Based on these findings, the ALJ determined that KFW had not been under a disability at any time between the December 6, 2012, alleged onset date, and the date of the decision, June 26, 2015 (Tr. 26)

## STANDARD OF REVIEW

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to the report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

## DISCUSSION

This Court conducted a *de novo* review of this case and has considered all of the pleadings, transcripts, and filings of the parties as well as the Objections to the Report and Recommendation filed by Ms. Ford and the Commissioner's response thereto. After careful evaluation of the record, the Court adopts the Report and Recommendation issued by Magistrate Judge Parker to affirm the final decision of the Commissioner.

Plaintiff's Objections to the Report and Recommendation offers three arguments: (1) That the State Agency Consultants based their opinions on an incomplete record, and therefore their opinions should not be used to support the decision; (2) that the ALJ's reliance on the testimony of Dr. John DiTraglia, M.D. is problematic; and (3) that because the Magistrate Judge

found portions of the ALJ's findings to be incorrect or incomplete the ALJ cannot correctly be found to have supported his findings by substantial evidence.

After review of those portions of the Magistrate Judge's Report and Recommendation to which objections have been made, the Court finds that Plaintiff's second and third objection have been fully addressed by the Magistrate Judge's Report and Recommendation. The Court conducted a *de novo* review of Plaintiff's first objection.

In making his decision, the ALJ relied in part on four medical source opinions to provide evidence to support his finding: David V. House, Ph.D., Paul Tangerman, Ph.D., Mel Zwissler, Ph.D., and DiTraglia. Both House and Tangerman reviewed claimants record in May of 2013, while Zwissler examined the record in September of 2013. (Doc. No. 14, p. 13-14). Plaintiff contends that these three medical opinions are invalid because they offered their opinion before evidence from Plaintiff's intervention specialist, Kimberly Fowler, was included. Fowler completed a questionnaire in March of 2015 and of the four medical experts, only DiTraglia, a Medical Expert who testified at the hearing, would have been able to review Fowler's questionnaire. DiTraglia testified to having completed a review of Fowler's questionnaire as part of his evaluation. In support of her first objection, Plaintiff cites *Jones v. Astrue*, 808 F. Supp. 2d. 993 (E.D. KY. 2011) as her sole support of her contention that, as a matter of law, the ALJ was incorrect in relying on the testimony of Drs. House, Tangerman, and Zwissler, as they did not testify based on a complete record.

In Jones, the court reversed and remanded a social security claim for further hearings because the ALJ relied on a physician's evaluation that occurred prior to the "complete record"

6

being compiled, specifically a record that included the plaintiff's own physician. *Jones*, 808 F. Supp. 2d. at 998. That holding is no longer good law. *Handshoe v. Berryhill*, No. 7:15-CV-102-GFVT, 2017 WL 1097197, at *4 (E.D. Ky. Mar. 23, 2017), in summarizing the law stated that:

> Numerous cases in this Circuit have already reached [this] conclusion. See, e.g., *Helm v. Comm'r of Soc. Sec. Admin*, 405 Fed.Appx. 997, 1002 (6th Cir. 2011) ("There is no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record."); *Fry v. Comm'r of Soc. Sec.*, 476 Fed.Appx. 73, 75 (6th Cir. 2012) (rejecting claimant's argument that non-examiner's "opinion was inadequate because it was based on a review of the record before she began treatment with [another doctor]," and holding that "the ALJ properly considered [the non-examiner's] report as opinion evidence."); *Keith v. Colvin*, 2016 WL 1212068, at *5 (M.D. Tenn. Mar. 29, 2016) ("Despite [the claimant's] reliance on *Jones v. Astrue* ... for the proposition that the opinion of a non-examining expert who does not examine a complete record does not comprise substantial evidence, this court is bound only by the Sixth Circuit precedent set forth in *Helm* and *Fry*."); *Skaggs v. Colvin*, 2016 WL 782309, at *5 (E.D. Ky. Feb. 26, 2016) ("[W]hile the District Court in *Jones* seems to suggest that, when an ALJ affords more weigh to a non-examining physician over an examining physician, only the most recent opinions are credible since they account for all preceding opinions, the Sixth Circuit has established that no such completeness rule or requirement exists."); *Price v. Colvin*, 2016 WL 782259, at *3 (E.D. Ky. Feb. 26, 2016) ("*Jones* relied on a Social Security Ruling that did not create a definitive rule, and, more importantly, the Sixth Circuit has made it clear that no such rule exists.").

The ALJ's reliance on Drs. House, Tangerman, and Zwissler was in line with the Sixth Circuit's ruling on evidentiary hearings and was proper. All of the Plaintiff's objections are therefore unwarranted.

## CONCLUSION

The Court has reviewed the entire record in this case and finds the decision of the Commissioner to be supported by substantial evidence. The Court, therefore, adopts the Report and Recommendation in its entirety. The Social Security Administration's final

7

decision denying Ms. Ford's application for supplemental social security income is hereby AFFIRMED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 28, 2017